Good morning, Your Honor. My name is Joan Del Valle and I represent petitioners Yesenia Ramirez-Tepaz and her son Joshua. Ms. Ramirez and her son have challenged the November 15, 2023 decision of the Board of Immigration Appeals to dismiss their appeal of the immigration judge from May 12, 2022, denying their application for asylum, withholding of removal and protection under the Convention Against Torture. Both the immigration judge and the board did not dispute Mrs. Ramirez's credible testimony and that she was raped on multiple occasions in Guatemala or that she and her family suffered many incidents of violence that they report to the police and with which they received no meaningful assistance. So where did the board go wrong? I'm sorry? Where did the board go wrong? I think that the board erred when they affirmed the immigration judge's denial and solely because the immigration judge did not hold that the respondent did not show that reporting the rapes and persecution that Ms. Ramirez suffered will be fulfilling the case. So can I ask you about that? Because my concern is we have a prior case, Velazquez-Gaspar v. Barr, issued in 2020 where we considered this also in Guatemala and we concluded that substantial evidence supports the agency's determination that had Velazquez-Gaspar reported her abuse, the Guatemalan government could have protected her from Gonzalez. So what I'm concerned about, and we walked through in that case the country reports that you seem to be relying on saying that, hey, the government isn't doing anything about this. Could you explain to me why we would not be bound by Velazquez-Gaspar in that? So meaning if we ruled for you, wouldn't we be violating our own precedent? Your Honor, yes. I discussed in my brief the situation with Velazquez-Gaspar and the fact is that Guatemalan law criminalized rape and domestic abuse and officially investigate and prosecute cases under those laws. But the conviction rates are exceptionally low and officers often face a lack of resources and training. We cannot limit our analysis to whether the government can control the attackers. We also have to look whether it protected the attacker. In this particular case, she actually did file complaints. Actually she not only filed complaints with, she didn't file the complaints with the police directly of what happened, but she even went to the labor board to request past earnings when she was fired from the work where she was raped. She never filed a complaint with the police. Is that correct? She did not. Yeah. She did not, Your Honor, because in her mind, if she wasn't heard on the labor commission, which is something lower. Let's talk about the labor commission because, I mean, first of all, that's a civil claim. But as, help me understand, I was trying to look into it. It seems like she actually did get heard. The problem was she just couldn't collect. Her employer wouldn't pay. So help me understand why, I mean, it seems like, I mean, we have that in the United States where plaintiff brings a claim and they might even get a judgment. But if they can't collect, is that what happened here? Is it she got a judgment but just couldn't collect or was there more to it? When they went in front of the board, labor board, the person that was harassing her, the person that raped her, that was the person that was there, promised that he was going to pay. But obviously, just to say in front of the board, when it went out, she tried to collect and then he went back and says, okay, you have sex with me and I will pay you back. The same situation that happens when she tried to go back and explain. How did the, how did, oh, sorry, you were going to say she went back to the- The board. To the board and say, hey, this was just here. He pretended that he was going to do anything. It's not that he can't pay the money, it's that he's, you know, asking other- What was the board supposed to do? Issue another order? I mean, they did give her an order, didn't they? Coming into contempt, no, because obviously there was an agreement, a friendly agreement in front of the board. So they are on the- So they never issued an order. They just thought it was going to be taken care of. It was going to be taken care of. When she said, hey, what we got agreed here, nothing happened. He didn't agree, so why we don't bring him back and force him and give an order on that? They ignore her. You have to sort it out. This is not much money, move on, next one. So if that happened just on the labor board, why she will go and accuse him on the police when the labor board that she was just asking for money ignore her claims? What does she think that was going to be different on the police? So I guess coming back to Velazquez Gaspar, you know, you make a case that we need to look at the enforcement, not just the laws on the books. But I, you know, that seems the dissent in Velazquez Gaspar sort of accepted your claim. But the fact that the majority rejected it, I guess I'm still stuck with why is that distinguishable and how can we rule in your favor? If we were writing on a blank slate, maybe it would be different. I understand. But we have to go focus specifically on what happened to Ms. Ramirez Tepaz. I thought, yes, I thought we looked at the record in each case. Correct. Because in the record, that's what the board looks at. Correct. In this case, the board just focused on one thing, but didn't consider all the compelling evidence that was presented. That's part of our argument, that they just went by just one report and ignore all the other secondary evidence that was provided. So that seems to be a different argument. That argument is they ignored, you're right, we also have precedent that says you can't ignore that evidence. But we also have precedent that says we presume that they considered it. So what is your, first of all, what's the evidence that was ignored and what's, tell us why that wasn't considered. Because the decision by itself doesn't mention anything whatsoever. Such as? Such as when the board is bringing up the evidence, it just goes back to the decision of the judge that the country report states that there are laws that protect women. But then don't consider a lot of other evidence that was presented that while the laws are there, doesn't mean that are implemented. Is there any evidence outside of the implementation that you think the board did not consider? The facts, again, that overall, there's many studies and many reports that reflect that the police doesn't do anything but more of that, when a woman goes and complains about sexual assault or sexual abuse, whether it's from the work or whether it's on a relationship, it's completely ignored and it's considered like it's a domestic situation that you have to sort it out on your own. Okay, so basically all that fits within the implementation. Is there any evidence post-2020? Is there new country report evidence between 2020 and whenever the board's decision was that you think was disregarded? It has to be evidence that was in the record. Yeah, I'm sorry? It has to be evidence that was in the record. I'm so sorry, I cannot hear half of my, I'm losing the ear on this, I didn't hear you. It has to be evidence that was in the record. Correct. So was there any, I think that's what my colleague was referring to, Judge Nelson was referring to. The country reports in the record, which ones are they? Well, there is an updated country conditions that explain clearly that the efforts and the corruption that have been going on in Guatemala and particularly how women are treated in Guatemala and how this has been ignored and there is updated information after the Velasquez case that is being referred here. Okay. Do you want to reserve time? Yes, please.  Good morning, your honors. May it please the court. Good to see you again. Nice to see you again. Your honors, in this case, opposing petitioner's counsel says that the board ignored evidence but it's not clear what evidence that was. She's not making that really clear or pointing to anything specific in the record. But I think the stronger argument she's making, I'd like to hear, she does say, I think to the Madrigal case, which does say that we have to look beyond just the fact that these laws are on the books. We have to actually look at enforcement. Did the BIA comply with its obligation under that? Yes, your honor. The fact is that the petitioner did not report the claims of sexual abuse or the knife attack. We don't require a report. I mean, it's a consideration, but you can't win by, I think, just by saying she didn't report. I mean, we still look to futility and that seems to me the question that we're trying to answer is, well, was it futile to report in Guatemala? No, it would not have been futile and she hasn't made that showing. As you noted, the petitioner did bring that labor claim and apparently the court or board did help her, that labor board. Whether or not it was a specific decision or some kind of agreement, it's not clear from the record. It doesn't, they don't offer much detail about that, but it sounds like that body did help the petitioner pursue her claim of back pay, but the problem... But the heart of her claim, though, is the allegations of sexual abuse, rape, whatnot. Right, and that she... And she points to the laws. As Judge Nelson said, there are laws that Guatemala has adopted to protect women. Right. But the record here, I mean, if you go to the record and she lays it all out in her briefs, the record here, there's on the ground, so to speak. There's not much going on. Well, I mean... According to what's cited in the record. The board doesn't really even acknowledge that. Well, the board affirmed the immigration judge's decision and the immigration judge did point to the country conditions evidence. The board also cited the record, pointing to the pages where the country conditions evidence is. Does that mean... According to the specific pages that counsel reports, cites to in her brief? Well, the... Her whole point is, yeah, they did acknowledge that the laws and they did acknowledge that Guatemala has taken steps to protect women, but on the ground and in the practices, they've not... Does it really mean anything? The board did cite to the pages, including the evidence that, yes, the Guatemalan government is not able to convict and arrest every single person who has committed a crime against women or sexual abuse or domestic violence, but that's not what's required. The government of Guatemala does make efforts to arrest people who perpetrate crimes against women. They have convicted people and in Velasquez Gaspar, the court determined that based on the evidence of Guatemalan country conditions, which are very similar to these country conditions in the record, that the government was willing and able to protect... Would have been able to protect her if that petitioner had reported the abuse. Is there something in the record beyond what Velasquez... Was it in the record in Velasquez Gaspar? Meaning... I mean, she's sort of... Your opposing counsel said there was additional information. Is there updated country conditions information that we did not consider in Velasquez Gaspar? Or I should... A better question is, that was not in the record. Is there evidence in the record here that would distinguish this case from Velasquez Gaspar as far as country conditions? Well, the evidence that the court looked at in that case was from 2014. And the country report in this record is 2020, so it's... It is slightly different. It would be slightly different. Is there any... I guess that's the question then. Is there anything that would change that analysis? Well, Your Honor, I don't know the specific numbers in the 2014 report, but... So, the government continues to pursue these cases in Guatemala of arresting persons. And they also provide support to the victims, counseling, and also restraining orders, which I'm not sure was mentioned in the Velasquez case. And also, a distinguishing fact in Velasquez is that the petitioner in that case said she didn't report the abuse because she was afraid that the abuser would harm her. And in this case, there's no testimony like that. So... I'm not sure why that matters. I mean, at the end of the day, it seems to me that the question... They're similar in the sense that there was no abuse reported to the police. Well, she also had to show that it would have been futile or dangerous. Well, right. And in that case, she was saying it would have been dangerous. I'm just trying to figure... Oh, I see. I see. In that case, she was saying dangerous. Although, that didn't seem to be what the opinion relied on. I mean, that might be a factual distinction, but the opinion addressed futility. So what I'm trying to figure out is, is there something new that would allow us to distinguish Velasquez-Gaspar? There's a report that the board referred to, which... Let's see. It's a report about domestic violence. Which I'm not sure if that was in the record in the Velasquez case. And what does that report in this case say? That the Guatemalan government has laws against femicide, and it describes that legislation and how the government provides comprehensive assistance to victims of domestic violence. There's support hotlines. And when was that report written, do you know? Can you give me the record sites on that? 595 is where it starts. It was dated... The report is dated 2012, but I'm not sure if that was in the other record in Velasquez. So that might be one of the differences. So unlike the case, Velasquez, the petitioner in this case didn't make any attempt. We lost. Did we lose Judge Lasnik? Judge Lasnik, you there? Judge Lasnik has dropped from the call. Please stand by. Okay. All right. Bear with us. We've got our experts on that. Okay. Here comes Judge Lasnik. Yeah, come on and help. Thanks. Thank you. I think we've got Judge Lasnik back. I'm sorry about that. Thank you. I had a technical issue here, so thank you. No problems. Your Honors, the court should, like in Velasquez, determine that the petitioner failed to show that it would have been futile to report her abuse and the knife attack. She made no attempt to do that, and she never explained why she didn't report those incidents other than to say that, well, the police or the authorities didn't help her family with these other vague instances of harm that were not based on the claims of her being sexually abused or the knife attack. Those other claims where her family members were somehow harmed by neighbors, she didn't provide enough evidence or details about those incidents or what exactly happened after making any reports to the police. And she didn't show that any of that is connected to her workplace harms, the sexual harassment that she suffered. And so basically, the record doesn't compel the conclusion here that it would have been futile to report her harm. And that's what the standard she has to meet is very high. And in this case, she didn't meet that standard of compelling the conclusion that the government of Guatemala would not have helped her or would have been unable to help her. And as far as the Kat claim goes, the petitioner failed to show any particularized harm, threat of harm that she faces. There's no evidence that anyone is searching for her or has threatened her. And that is dispositive of her Kat claim as well as the acquiescence is also another factor that the agency relied on that she didn't show. You're over time, counsel. So, yeah. Novi, thank you for your argument. Thank you. Thank you, Your Honor. Quickly, because I don't have more time. I want to say that the fact that the family has provided a report to the police and nothing has happened, making futile for her, that is a woman. So if they don't hear my father, they're not going to hear me. The mere existence of laws making crimes such as rape, illegal, and claiming to assist the victim of crime do not establish that meaningful government protection can be obtained. And that's discussed on Brinkman's Rodriguez. It is well recognized that a country's laws are not always reflective of actual country condition. Ample evidence demonstrates that reporting will have been futile and dangerous in her case, Your Honor. And there is evidence when the victim is a woman that was presented to the court and is not discussed either by the judge or by the board. Also, the report about Guatemala domestic violence, including the legislation and the lack of protection against women. So either way, it didn't matter whether she went to the report to the police or not, nothing was going to change. And she tried. It's not something that, oh, I'm going to go to the United States and jump. She tried. She stayed there for a long period of time and supported this abuse that she had and tried the best, and she has no help. If she didn't have the help from the labor commissioner, how did she think that it's going to be helped by the police or the government? Okay. Thank you, counsel. Thank you to both counsel for your arguments in the case. Thank you, Your Honor, to all of you. I hope that you have a fantastic day. Thank you. Thank you. The case is now submitted and we'll move on to...
judges: PAEZ, NELSON, Lasnik